**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALINEA CLO, LTD., ANNISA CLO, LTD., BARDOT CLO, LTD., CARBONE CLO, LTD., INVESCO CLO 2021-1, LTD., INVESCO CLO 2021-2, LTD., INVESCO CLO 2021-3, LTD., INVESCO CLO 2022-1, LTD., INVESCO CLO 2022-2, LTD., INVESCO CLO 2022-3, LTD., INVESCO U.S. CLO 2023-1, LTD., INVESCO U.S. CLO 2023-2, LTD., INVESCO U.S. CLO 2024-1, LTD., DIVERSIFIED CREDIT PORTFOLIO LTD., INVESCO FLOATING RATE ESG FUND, MILOS CLO, LTD., HARBOURVIEW CLO VII-R LTD., INVESCO PEAK NINE, LP, RECETTE CLO, LTD., RISERVA CLO, LTD., INVESCO SAKURA US SENIOR SECURED FUND, INVESCO SENIOR FLOATING RATE FUND, INVESCO SENIOR INCOME TRUST, INVESCO SENIOR LOAN FUND, INVESCO SSL FUND LLC, INVESCO TETON FUND LLC, UPLAND CLO, LTD. VERDE CLO, LTD. INVESCO ZODIAC FUNDS – INVESCO EUROPEAN SENIOR LOAN FUND, INVESCO ZODIAC FUNDS – INVESCO US SENIOR LOAN FUND, ARTISAN HIGH INCOME FUND, ARTISAN FLOATING RATE FUND, ARTISAN CREDIT OPPORTUNITIES MASTER FUND LP, ELMWOOD CLO I LTD., ELMWOOD CLO II, LTD., ELMWOOD CLO III, LTD., ELMWOOD CLO IV, LTD., ELMWOOD CLO V LTD., ELMWOOD CLO VI LTD., ELMWOOD CLO VII LTD., ELMWOOD CLO VIII LTD., ELMWOOD CLO IX LTD., ELMWOOD CLO X, LTD., ELMWOOD CLO XI, LTD., ELMWOOD CLO XII, LTD., ELMWOOD CLO 14 LTD., ELMWOOD CLO 15 LTD., ELMWOOD CLO 16 LTD., ELMWOOD CLO 17 LTD., ELMWOOD CLO 18 LTD., ELMWOOD CLO 19 LTD., ELMWOOD CLO 20 LTD., ELMWOOD CLO 21 LTD., ELMWOOD CLO 29 LTD., ELMWOOD CLO 33 LTD., ELMWOOD CLO 36 LTD., PALMER SQUARE BDC FUNDING I LLC, PALMER SQUARE CLO 2014-1, LTD., PALMER SQUARE CLO 2015-1, | Case No. <br><br> **NOTICE OF REMOVAL** <br><br> [New York State Supreme Court Index No. 655842/2025] |

LTD., PALMER SQUARE CLO 2015-2, LTD.,
PALMER SQUARE CLO 2018-1 LTD., PALMER
SQUARE CLO 2018-2, LTD., PALMER SQUARE
CLO 2018-3, LTD., PALMER SQUARE CLO
2019-1, LTD., PALMER SQUARE CLO 2020-3,
LTD., PALMER SQUARE CLO 2021-1, LTD.,
PALMER SQUARE CLO 2021-2, LTD.,
PALMER SQUARE CLO 2021-4, LTD.,
PALMER SQUARE CREDIT FUNDING 2019-1,
LTD., PALMER SQUARE FLOATING RATE
FUND LLC, CERBERUS CORPORATE CREDIT
FUND LP, CERBERUS N-1 FUNDING LLC,
CERBERUS ASRS FUNDING LLC, CERBERUS
SWC LEVERED HOLDINGS II LP, CERBERUS
REDWOOD LEVERED LOAN
OPPORTUNITIES FUND A, L.P., CERBERUS
REDWOOD LEVERED B LLC, CERBERUS ND
CREDIT HOLDINGS LLC, CERBERUS
CAVALIERS LEVERED LOAN
OPPORTUNITIES FUND, LLC, CERBERUS
KRS LEVERED LLC, CERBERUS STEPSTONE
CREDIT HOLDINGS LLC, RELIANCE
STANDARD LIFE INSURANCE COMPANY,
CERBERUS OFFSHORE UNLEVERED LOAN
OPPORTUNITIES MASTER FUND IV, L.P.,
CERBERUS LEVERED IV HOLDINGS LLC,
CERBERUS OFFSHORE LEVERED IV LLC,
CERBERUS AOZ LOAN OPPORTUNITIES
FUND, L.P., CERBERUS 2112 LEVERED LLC,
CERBERUS RR LEVERED LLC, CINNABAR
2021 DIRECT LENDING LIMITED, CERBERUS
LOAN FUNDING XXXVII, L.P., CERBERUS C-
1 LEVERED II LLC, CERBERUS LOAN
FUNDING XXXVIII L.P., CERBERUS
REDWOOD LEVERED B II LLC, CERBERUS
LOAN FUNDING XXXIX L.P., CERBERUS
LOAN FUNDING XL, LLC, CERBERUS LOAN
FUNDING XLI, LLC, VENTURE XV CLO,
LIMITED, VENTURE XIX CLO, LIMITED,
VENTURE XXII CLO, LIMITED, VENTURE
XXIII CLO, LTD., VENTURE XXVI CLO, LTD.,
VENTURE XXVII CLO, LTD., VENTURE XXIX
CLO, LTD., VENTURE XXVIII CLO, LTD.,
VENTURE 28A CLO, LTD., VENTURE XXX
CLO, LTD., VENTURE 31 CLO, LTD.,
VENTURE 33 CLO, LTD., VENTURE 32 CLO,

LTD., VENTURE 35 CLO, LTD., VENTURE 34
CLO, LTD., VENTURE 36 CLO, LTD.,
VENTURE 37 CLO, LTD., VENTURE 38 CLO,
LTD., VENTURE 41 CLO, LTD., VENTURE 42
CLO, LTD., VENTURE 43 CLO, LTD.,
VENTURE 44 CLO, LTD., VENTURE 45 CLO,
LTD., and VENTURE 46 CLO, LTD.,

<em>Plaintiffs</em>,

v.

ORCHID MERGER SUB II, LLC, S1 MEDIA,
LLC, S1 HOLDCO, LLC, and SONIC NEWCO,
LLC,

<em>Defendants</em>.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453,

Defendants Orchid Merger Sub II, LLC, S1 Media, LLC, S1 Holdco, LLC, and Sonic NewCo,

LLC hereby remove the above-captioned civil action, and all claims therein, from the Supreme

Court of the State of New York, New York County, to the United States District Court for the

Southern District of New York.  Removal is proper under 28 U.S.C. § 1332(d) and 28 U.S.C.

§ 1453.

## BACKGROUND

1.      On September 30, 2025, Plaintiffs filed a Complaint in the Supreme Court of

the State of New York, New York County against Defendants Orchid Merger Sub II, LLC, S1

Media, LLC, S1 Holdco, LLC, and Sonic NewCo, LLC. The action, captioned *Alinea CLO, Ltd.*

*v. Orchid Merger Sub II, LLC*, was docketed under Index No. 655842/2025.

2.      Defendants were served with the Complaint on October 6, 2025. A true and

correct copy of the Complaint is attached hereto as **Exhibit A**.[1]

---

[1] Defendants have attached a redacted copy of the Complaint because the unredacted Complaint in the New York
action was filed under seal.  The redacted information belongs to Defendants, and Defendants do not contend that

3.        The Complaint asserts claims for (i) breach of contract, (ii) intentional fraudulent transfer, and (iii) constructive fraudulent transfer. Plaintiffs allege that they loaned Defendant Orchid Merger Sub II, LLC ("**Orchid**") $400 million and subsequently, in 2023 and 2024, Defendants consummated two transactions that "unlawfully transferred valuable assets from Plaintiffs' Collateral to entities outside Plaintiffs' Collateral for the benefit of [Defendants' and certain of their subsidiaries'] insiders and shareholders." Ex. A ¶ 1.

4.        Plaintiffs seek "[t]he avoidance and recovery of all transfers (and all proceeds and products thereof)," money damages, and associated costs and attorneys' fees. *Id.*, "Prayer for Relief," ¶¶ 1-5. Defendants dispute Plaintiffs' claims and deny Plaintiffs are entitled to any relief.

5.        Defendants timely filed this Notice of Removal to the U.S. District Court for the Southern District of New York within thirty days of service of the Summons with Notice. *See* 28 U.S.C. § 1446(b). A true and correct copy of the Summons with Notice is attached hereto as **Exhibit B**.

6.        Venue is proper in this Court because the Supreme Court of the State of New York, New York County is located within the Southern District of New York. *Id.* § 1441(a).

7.        Defendants will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County and will serve Plaintiffs with this Notice of Removal promptly upon its filing. *See id.*; *id.* § 1446(d).

---

the redacted information warrants redaction or sealing. However, because the underlying order to show cause remains pending, Defendants attach the redacted version out of an abundance of caution. Once a judge is assigned to the district court action, Defendants will promptly provide a courtesy copy of the unsealed Complaint to Chambers and will address this issue with the assigned judge.

## GROUNDS FOR REMOVAL

8.        This case is removable as a "mass action" under the Class Action Fairness Act ("**CAFA**"). 28 U.S.C. §§ 1453, 1332(d).  CAFA defines a mass action as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  *Id.* § 1332(d)(11)(B)(i). Removal of a mass action under CAFA does not require the existence of a federal question or complete diversity.  Instead, removal is proper if there is minimal diversity and the case satisfies CAFA's amount-in-controversy requirements of 28 U.S.C § 1332(a) and § 1332(d)(2).  *Id.* § 1332(d)(11)(A). This case meets all of CAFA's requirements, and no exception to removal applies.

### I.    The New York Action Is a Mass Action under CAFA

9.        This case qualifies as a mass action because it asserts claims for monetary relief by over 100 persons, and those claims "are proposed to be tried jointly on the ground that [they] involve common questions of law or fact."  28 U.S.C § 1332(d)(11)(B)(i).  The Complaint names 119 Plaintiffs, Ex. A ¶¶ 11-16, all of whom seek monetary relief from Defendants, *id.* ¶¶ 75, 86, 94, 105, 112.

10.        All five causes of action in the Complaint are asserted on behalf of all Plaintiffs, and all involve common questions of law and fact.  For example, all Plaintiffs seek to try their claims jointly on the grounds that Plaintiffs collectively loaned money to Orchid, and Orchid then allegedly transferred valuable property to Defendants S1 Media, LLC, S1 Holdco, LLC, and Sonic NewCo, LLC. *Id.* ¶ 1.  And all Plaintiffs allege that these transfers either breached the parties' credit agreement or were intentionally or constructively fraudulent. Accordingly, all Plaintiffs purport to have been injured in the same manner by the same conduct, *see id.* ¶¶ 1, 10, and the

determination of whether Defendants are liable and Plaintiffs have suffered any damages will necessarily involve the examination of identical questions of law and fact.

## II.    The Amount-in-Controversy Requirement Is Satisfied

11.    For this Court to have jurisdiction, the total amount in controversy aggregated among all Plaintiffs must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In addition, each plaintiff's claims must exceed $75,000. 28 U.S.C. § 1332(a); *see also Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165-66 (2014).

12.    The Complaint's allegations establish that the aggregate amount in controversy is well over the $5,000,000 threshold for federal jurisdiction. For example, the Complaint alleges that, in November 2023, Defendant Orchid unlawfully transferred assets worth $400 million to affiliates and insiders. Ex. A ¶ 35. It further alleges that, in August 2024, Defendants unlawfully transferred additional assets that "were worth more than the publicly traded enterprise value of all of System1." *Id.* ¶ 43. "This action seeks to avoid [i.e., unwind] these transactions as intentional and constructive fraudulent transfers as well as to recover damages for breach of the Credit Agreement." *Id.* ¶ 2.

13.    Because the aggregate amount in controversy exceeds $400 million, there is a "reasonable probability" that the claims by each of the 119 Plaintiffs exceed the $75,000 threshold. *Hager v. Steele,* No. 20 CIV. 4482 (LGS), 2020 WL 4345735, at *1 (S.D.N.Y. July 29, 2020). But if the claims of any individual Plaintiff fall below this amount and the case otherwise meets the requirements of a mass action removable under CAFA, the Court must retain jurisdiction over the action and remand only the claims of such Plaintiff. *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292-93 (S.D.N.Y. 2009).

### III.    Minimal Diversity Is Satisfied

14.    Minimal diversity is satisfied when "*any member* of a class of plaintiffs is a citizen of a State different from *any defendant*."  28 U.S.C. § 1332(d)(2)(A) (emphasis added); *Anwar*, 676 F. Supp. 2d at 292.  All Defendants here are citizens of Delaware and California. Plaintiffs are incorporated in a variety of locations—including the Cayman Islands, New York, and Luxembourg.  *Id.* ¶¶ 11-16.  Most have no connection to Delaware or California.  *Id.* Therefore, at least one Plaintiff is diverse from at least one Defendant.

### IV.    No Exception to CAFA Jurisdiction Applies

15.    Because this case satisfies the requirements for CAFA removal, Plaintiffs bear the burden to "show that an exception to removal applies."  *New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan Tr. 2006-4*, 581 F. Supp. 2d 581, 583 (S.D.N.Y. 2008).  They cannot meet that burden because no exception applies. *Cf.* 28 U.S.C. §§ 1332(d)(11)(B)(ii), 1332(d)(4)(A), 1332(d)(3) (listing exceptions).

16.    CAFA contains four mandatory exceptions to the definition of a "mass action": (1) "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State," *id.* § 1332(d)(11)(B)(ii)(I); (2) "the claims are joined upon motion of a defendant," *id.* § 1332(d)(11)(B)(ii)(II); (3) "all of the claims . . . are asserted on behalf of the general public," *id.* § 1332(d)(11)(B)(ii)(III); and (4) "the claims have been consolidated or coordinated solely for pretrial proceedings," *id.* § 1332(d)(11)(B)(ii)(IV).  None of the exceptions applies to Plaintiffs' Complaint.

17.    First, "all of the claims" do not "arise from an event or occurrence in the State in which the action was filed," because, according to the Complaint's allegations, some claims

"arise from an event or occurrence[s]" in California. *Id.* § 1332(d)(11)(B)(ii)(I). Plaintiffs' second, third, fourth, and fifth causes of action are based upon alleged violations of California's Uniform Voidable Transactions Act ("**UVTA**"). *See* Ex. A ¶¶ 85-86, 93-94, 104-105, 111-112. The California UVTA applies only if the debtor is located in California "when the transfer is made or the obligation is incurred." Cal. Civ. Code § 3439.10(b). Plaintiffs' assertion of claims under a statute that requires that the debtor be located in California "when the transfer is made or the obligation is incurred" demonstrates that the claims did not universally "arise from an event or occurrence" in New York. *Id.*; 28 U.S.C. § 1332(d)(11)(B)(ii)(I).

18.    Second, the claims were not "joined upon motion of a defendant," 28 U.S.C. § 1332(d)(11)(B)(ii)(II); they all derive from Plaintiffs' Complaint. *See* Ex. A ¶¶ 63-112.

19.    Third, none of the claims "are asserted on behalf of the general public," 28 U.S.C. § 1332(d)(11)(B)(ii)(III); Plaintiffs seek relief benefiting them alone "to redress the . . . harm" that they themselves have allegedly suffered. Ex. A ¶ 10.

20.    Fourth, the claims have not "been consolidated or coordinated solely for pretrial proceedings," 28 U.S.C. § 1332(d)(11)(B)(ii)(IV); the claims brought by Plaintiffs originate from one unified action filed in the New York State Supreme Court, in which Plaintiffs collectively seek "damages . . . in an amount to be proven *at trial*." Ex. A ¶ 75 (emphasis added).

21.    A further exception to jurisdiction applies if the parties have a sufficient connection to the forum state. "A district court shall decline to exercise jurisdiction . . . over a class action" if: (1) greater than two-thirds of the plaintiffs are citizens of the state in which the action was filed; (2) at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims is a citizen of the state in which the action was filed; (3) principal injuries resulting from alleged conduct or any related conduct occurred in the

state in which the action was filed; *and* (4) during the 3-year period preceding the filing of the class action, "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A).

22.    This provision does not prevent this Court from exercising jurisdiction over this case because, among other reasons, all Defendants are citizens of Delaware and California—that is, none is a "citizen of [New York], the State in which the action was originally filed." *Id.* § 1332(d)(4)(A)(i)(II)(cc). For the same reason, § 1332(d)(4)(B), which precludes federal jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed," is inapplicable. *Id.* § 1332(d)(4)(B).

23.    Finally, "[a] district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . [if] greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants* are citizens of the state in which the action was originally filed." 28 U.S.C. § 1332(d)(3) (emphasis added). Defendants are citizens of Delaware and California—not New York, where this case was filed. This subsection is therefore inapplicable as well.

## RESERVATION OF RIGHTS

24.    Defendants reserve and expressly do not waive any and all rights, claims, and defenses of any nature whatsoever. Defendants also reserve the right to amend or supplement this Notice of Removal with additional evidence and argument as needed to support the "short and plain statement of the grounds for removal" contained herein. 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendants respectfully remove the matter styled *Alinea CLO, Ltd.  v. Orchid Merger Sub II, LLC*, Index No. 655842/2025, which is currently pending in the Supreme

Court of the State of New York, New York County, to this Court, and respectfully request that the

matter proceed in this Court as an action properly removed hereto.


Dated:  New York, New York                    Respectfully Submitted,
            October 30, 2025

                                    By:      */s/ Gregory Silbert*
                                             Gregory Silbert
                                             Jennifer Brooks Crozier
                                             Joseph R. Rausch
                                             WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
                                             New York, NY 10153
                                             (212) 310-8000
                                             Greg.Silbert@weil.com
                                             Jennifer.Crozier@weil.com
                                             Joseph.Rausch@weil.com

                                             *Attorneys for Defendants*